HILDEBRAND & SON, Appellee, v. BLACK HAWK OIL COMPANY, Appellant.

APRIL 3, 1928.

*Pike, Sias, Zimmerman & Frank*, for appellant.

*Jens Grothe* and *W. G. Henke*, for appellee.

ALBERT, J.—The defendant sold to the plaintiff a certain remedy or preparation known as "Medicrude Oil," to be fed to plaintiff's hogs. The undisputed testimony of plaintiff shows that it was represented and stated to plaintiff that this preparation was a disinfectant and worm expeller, and would prevent hog cholera, and that it was guaranteed that it would not hurt the swine, no matter how much of it was fed to them,—it would not do any harm. One barrel of the preparation was, in due time, delivered to plaintiff, which was fed to their herd of 75 hogs. Plaintiff testified that they fed this oil to the hogs just about two weeks. After the fourth or fifth day, it became apparent that the hogs were losing weight, at which time the agent of defendant company called on plaintiff, and plaintiff told him that the hogs "weren't doing very good," and he said, "Just keep on feeding them, and they will do all right." About the fifth day, the hogs commenced to bloat, get the scours, and pass off meat stuff in their droppings. Eleven of the hogs died, and the balance did not thrive and fatten as usual; and when they

were sold, at the age of eight months, they averaged only 110 pounds.

This is the substance of plaintiff's case, and the defendant's contention is that, under this kind of showing, plaintiff had not made out a case, and was not entitled to go to the jury.

The evidence is quite meager and quite unsatisfactory on the part of plaintiff. Under the testimony, there seems to be no question of the necessity of the disinfectant, and no question of hog cholera or worms involved in the case. Under plaintiff's record of the statements made by defendant's agent, the only question left to carry the case to the jury would be the statement, in substance, that "the preparation was not harmful, no matter how much you fed to the hogs." That this statement is sufficiently sustained by the evidence in favor of the plaintiff is beyond dispute, and there is no testimony negativing plaintiff's testimony as to the feeding of the same to the hogs, the death of the eleven hogs, and the stunting of the balance of the herd. The question is whether or not,—this statement being conceded to have been made and proven by plaintiff,—the loss of the eleven head of hogs by death and the stunting of the balance of the herd make out a case for the plaintiff.

It is to be noticed first that the only material statement alleged in plaintiff's petition is that this preparation or remedy could be fed to the hogs in any quantity, without harmful results; and plaintiff must prove this, else it cannot recover. To put it in another way, the plaintiff is bound, as a necessary element of its case, to show that the injuries which its hogs suffered were the direct result of the feeding of this preparation to them. There is no expert testimony introduced in the case, there seems to have been no post-mortem examination of the dead hogs, and there is no testimony directed to the point that the injury to this herd of hogs was the result of the feeding of this preparation to them. It is to be remembered in cases of this character that, in the course of events, all animals die; in other words, death is inherent in all animal creation. Equally so, all animal creation is subject to many ailments, ills, and diseases, resulting either in death or injury to the animal. Therefore, in a case of this kind, proof that the animal died or was permanently injured does not alone establish a case for the plaintiff. In short, plaintiff alleges that these hogs died and injury to the balance of the

herd was caused by the feeding of this preparation to them. Plaintiff is bound to prove this, else it has not made out a case. *Nugent v. Chicago & N. W. R. Co.*, 183 Iowa 1073.

The evidence is wholly wanting to connect the death of these hogs with the feeding of this preparation, and equally so as to their stunted growth. We have had a number of cases in this state touching the question of the sale of virus and serum for immunization of hogs from cholera and other diseases, but in none of them have we been confronted with the situation we have in this case. The latest pronouncement from this court along that line is the case of *Crouch v. National Livestock Remedy Co.*, 205 Iowa 51.

What we have heretofore said summarizes the evidence, but a careful reading of the record develops no evidence whatever connecting the use of this preparation with the death of the hogs or the impairment of the growth of the balance. The record is wholly wanting in evidence showing that the death and the injury to these hogs were not the result of disease or other natural causes not chargeable to the use of this preparation. With this state of the record, the court should not have allowed this case to go to the jury. Defendant's motion to direct a verdict should have been sustained.—*Reversed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.